UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

FERNANDO GIL,

                    Movant,                        14-CV-1336 (KMW)
                                                              **<u>OPINION & ORDER</u>**

        -against-

UNITED STATES OF AMERICA,

                    Respondent.
---------------------------------------------------------------X

KIMBA M. WOOD, District Judge:

      In 1992, the Court sentenced Fernando Gil to life in prison after he was convicted of conspiracy to distribute cocaine.  Gil now moves to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 ("§ 2255"), based on the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).  Because *Alleyne* does not apply retroactively on collateral review, the Court DENIES Gil's motion.

**I.**      **Background**

      On March 25, 1992, after a six-month jury trial, Gil was convicted of conspiracy to distribute cocaine under 21 U.S.C. §§ 841 and 846.  At the time, as now, the statutory sentencing range for conspiracy depended on the quantity of drugs involved:  a conspiracy to distribute fewer than five kilograms of cocaine, or an indeterminate amount, carried a statutory sentencing range of zero to twenty years in prison, while a conspiracy to distribute at least five kilograms of cocaine carried an elevated statutory sentencing range of ten years to life in prison.  21 U.S.C. § 841(b)(1)(A)–(C).

The jury did not determine the quantity of cocaine that Gil conspired to distribute.[1] During sentencing, however, the Court reviewed the trial record and decided, by a preponderance of the evidence, that Gil had conspired to distribute 1,653 kilograms of cocaine. (Sentencing Tr. at 44:23–24). Based on that finding, the Court concluded that Gil faced the elevated statutory sentencing range of ten years to life in prison, rather than the lower range of zero to twenty years that would have applied absent a determination of drug quantity. The Sentencing Guidelines, which were then mandatory, required a life sentence, which the Court imposed. (*Id.* at 59:4–6). Gil's subsequent appeal was unsuccessful.

At the time of Gil's sentencing, it was permissible for the Court to sentence him to life in prison based on a judicial finding that his conspiracy involved at least five kilograms of cocaine. In 1992, the Second Circuit classified the quantity of drugs involved in a conspiracy as a "sentencing factor" that prosecutors "were not required to charge in the indictment, submit to the jury, or prove beyond a reasonable doubt." *Coleman v. United States*, 329 F.3d 77, 82 (2d Cir. 2003) (internal quotation marks omitted). As an alternative, courts could determine the quantity of drugs by a preponderance of the evidence.

If Gil were sentenced today, however, it would not be permissible for the Court to sentence him to life in prison unless the *jury* found that his conspiracy involved at least five kilograms of cocaine. That is so because of two intervening decisions by the Supreme Court: *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne*. *Apprendi* held that the Sixth Amendment requires "any fact that increases the penalty for a crime beyond the prescribed statutory maximum," other than a prior conviction, to "be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In Gil's case, the quantity of cocaine was such a fact,

---

[1] Gil declined "the opportunity for a special interrogatory with respect to the quantity of narcotics." (Sentencing Tr. at 42:8–11 [ECF No. 7 Ex. B]).

because it elevated his sentence beyond the otherwise-applicable statutory maximum of twenty

years in prison.  *Alleyne*, in turn, extended *Apprendi*'s Sixth-Amendment logic and concluded

that "any fact that increases the mandatory minimum" sentence must also "be submitted to the

jury."  133 S. Ct. at 2155.  In Gil's case, the quantity of cocaine was such a fact, because it

elevated his statutory minimum sentence from zero to ten years in prison.

On February 22, 2014, Gil filed his motion under § 2255, a provision of the Antiterrorism

and Effective Death Penalty Act ("AEDPA").  Gil argues that *Alleyne* invalidated his life

sentence because (1) *Alleyne* announced a new rule of criminal law that applies retroactively to

his case, and (2) the Court violated that rule by deciding the issue of drug quantity.  (*See* Habeas

Mot. [ECF No. 1]).

On April 22, 2014, in response to an order to show cause why his motion should not be

denied as time-barred, Gil filed a supplemental affirmation of timeliness.  The affirmation argues

that Gil's initial motion is timely because it satisfied the one-year limitation period set out in

§ 2255(f)(3) — or, alternatively, because the applicable limitation period should be equitably

tolled in light of Gil's inability to understand English.  (Affirmation of Timeliness [ECF No. 4]).

The Government opposes Gil's § 2255 motion and affirmation of timeliness.  (Gov't Opp. [ECF

No. 7]).

## II.     Legal Standard

### A.   Retroactivity of a Supreme Court Decision

Gil's substantive claim is viable only if *Alleyne* announced a new rule of criminal law

that applies retroactively.  The standard for retroactive application depends on the nature of the

rule at issue.  A new substantive rule — one that alters the meaning of a criminal statute —

presumptively applies retroactively.  *See Coleman*, 329 F.3d at 84.  But a new procedural rule —

one that alters the way prosecutors must prove violations of criminal statutes — applies
retroactively only if it falls within one of two narrow categories defined in *Teague v. Lane*, 489
U.S. 288 (1989):  (1) "new rules that place an entire category of primary conduct beyond the
reach of the criminal law, or new rules that prohibit imposition of a certain type of punishment
for a class of defendants because of their status or offense"; and (2) "new watershed rules of
criminal procedure that are necessary to the fundamental fairness of the criminal proceeding."
*Coleman*, 329 F.3d at 88 (internal quotation marks omitted).

     B.  <u>Timeliness Under § 2255(f)(3)</u>

     Gil's timeliness argument under § 2255(f)(3) also depends on the retroactive application
of *Alleyne*.  To be timely, a § 2255 motion must be filed within one year of the latest of four
dates:

1)  "the date on which the judgment of conviction becomes final," § 2255(f)(1);

2)  "the date on which the impediment to making a motion created by governmental
action in violation of the Constitution or laws of the United States is removed, if the
movant was prevented from making a motion by such governmental action,"
§ 2255(f)(2);

3)  "the date on which the right asserted was initially recognized by the Supreme Court,
if that right has been newly recognized by the Supreme Court *and made retroactively
applicable to cases on collateral review*," § 2255(f)(3) (emphasis added); and

4)  "the date on which the facts supporting the claim or claims presented could have been
discovered through the exercise of due diligence," § 2255(f)(4).

Gil does not contend that his motion is timely under §§ 2255(f)(1), (f)(2) or (f)(4).[2]  But he argues that his motion is timely under § 2255(f)(3) because it was filed within one year of *Alleyne*.  That argument, like Gil's substantive claim, is viable only if *Alleyne* applies retroactively.

    C.  Equitable Tolling Under § 2255

Gil also argues, in the alternative, that the one-year limitation period for § 2255 motions should be equitably tolled because his inability to understand English prevented him from timely filing.  Equitable tolling is appropriate only where a defendant who acted with "reasonable diligence" was nonetheless unable to timely file because of "extraordinary circumstances beyond his control."  *Baldayaque v. United States*, 338 F.3d 145, 151 (2d Cir. 2003) (internal quotation marks omitted).  A defendant's inability to understand English may constitute "extraordinary circumstances" meriting equitable tolling under AEDPA, but only if the defendant exercised diligence by making "all reasonable efforts to obtain assistance to mitigate his language deficiency."  *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008).  Such reasonable efforts generally must include an attempt "to contact [someone] outside the prison who might assist in making [the defendant] aware, in [his] language, of legal requirements for filing a habeas corpus petition."  *Id.*; *see also Tamayo v. United States*, No. 05-CV-9001, 2008 WL 417674, at *4 (S.D.N.Y. Feb. 13, 2008) (Scheindlin, J.) (applying *Diaz*'s standard for equitable tolling based on language deficiency to a § 2255 motion).

---

[2] On the opening page of his habeas motion, Gil claims to seek relief under both § 2255(f)(3) and § 2255(f)(4).  But the motion makes no further mention of § 2255(f)(4), and Gil's subsequent affirmation of timeliness does not raise — and thus waives — any argument under that provision.  In any event, Gil's motion is not timely under § 2255(f)(4):  Gil knew the facts on which his claim is based — principally, that the Court sentenced him to life in prison based on a judicial finding regarding drug quantity — more than two decades before he filed his habeas motion.

### III.     Discussion

Gil contends that *Alleyne* applies retroactively to his case because it announced a new, "watershed" rule of criminal procedure.  That argument is not technically foreclosed by precedent:  as Gil emphasizes in his affirmation of timeliness, neither the Supreme Court nor the Second Circuit has expressly barred district courts from applying *Alleyne* retroactively for purposes of § 2255(f)(3).[3]   Nevertheless, as every court to consider the issue has concluded, the case for *Alleyne*'s retroactivity is unpersuasive.

In *Coleman v. United States*, the Second Circuit held that *Apprendi* does not apply retroactively on collateral review for purposes of § 2255(f)(3).  329 F.3d at 90.  The appellate court recognized that *Apprendi* announced a new procedural rule by altering how prosecutors were required to prove certain facts relevant to sentencing.  But the court concluded that *Apprendi*'s new rule did not qualify for retroactive application under *Teague*, because it did not "alter the relationship between the quantity of cocaine base and the severity of punishment under [21 U.S.C. §] 841" or "announce a 'watershed' rule."  *Id.* at 88–89.  Rather, *Apprendi* "merely clarified and extended the scope of two well-settled principles of criminal procedure:  the defendant's right to a jury trial and the government's burden of proof beyond a reasonable doubt."  *Id.* at 89 (internal quotations marks omitted).  That innovation, although significant, was

---

[3] The Second Circuit has held that *Alleyne* does not apply retroactively for purposes of § 2255(h)(2), under which a defendant's second or successive habeas motion is timely if filed within one year of a Supreme Court decision that the *Supreme Court* has made retroactive on collateral review.  *United States v. Redd*, 735 F.3d 88, 92 (2d Cir. 2013).  But the Second Circuit has not yet decided whether *Alleyne* applies retroactively for purposes of § 2255(f)(3), under which a defendant's initial habeas motion is timely if filed within one year of a Supreme Court decision that *any* federal court has made retroactive on collateral review.  *See Spells v. United States*, No. 04-CR-1304, 2014 WL 5520691, at *1 (S.D.N.Y. Oct. 29, 2014) (Castel, J.) ("Although the Second Circuit has not spoken on this issue, all the circuit courts to have considered the question agree that circuit and district courts can decide a rule's retroactivity when reviewing an initial petition under [§ 2255(f)(3)]." (citing *United States v. Thomas*, 627 F.3d 534, 536–37 (4th Cir.2010))).

not sufficiently transformative to merit retroactive application under *Teague*'s demanding standard.

 *Coleman*'s retroactivity analysis applies with equal force to *Alleyne*.  As noted above, *Alleyne* was essentially an extension of *Apprendi*:  after *Apprendi* held that the jury must find any fact that elevates a criminal penalty beyond the otherwise-applicable statutory maximum, *Alleyne* held that the jury must also find any fact that elevates the otherwise-applicable statutory minimum.  Like *Apprendi*, therefore, *Alleyne* announced a new procedural rule, but one that "merely clarified and extended the scope of two well-settled principles of criminal procedure: the defendant's right to a jury trial and the government's burden of proof beyond a reasonable doubt."  *Coleman*, 329 F. 3d at 89 (internal quotations marks omitted).  Thus, as several decisions from this District have held, *Alleyne*'s rule is not sufficiently transformative to merit retroactive application.  *See Moreno v. United States*, No. 13-CV-8069, 2014 WL 2038419, at *3 (S.D.N.Y. May 15, 2014) (Abrams, J.) (analogizing *Alleyne* to *Apprendi* and concluding that *Alleyne* does not apply retroactively); *Diallo v. United States*, No. 13-CV-6147, 2013 WL 6669407, at *2 (S.D.N.Y. Dec. 11, 2013) (Kaplan, J.) (same); *Rose v. United States*, No. 13-CV-5885, 2013 WL 5303237, at *3 (S.D.N.Y. Sept. 20, 2013) (Scheindlin, J.) (same); *Avile v. United States*, No. 13-CV-4990, 2013 WL 4830968, at *3 (S.D.N.Y. Sept. 4, 2013) (Berman, J.) (same); *see also United States v. Hoon*, 762 F.3d 1172, 1173 (10th Cir. 2014), *cert. denied*, 135 S. Ct. 1879 (2015) ("No court has treated *Alleyne* as retroactive to cases on collateral review.").

 Because *Alleyne* does not apply retroactively, Gil's substantive claim for collateral relief fails, as does his timeliness argument under § 2255(f)(3).  In these circumstances, equitable tolling would not enable Gil to prevail.  In any event, however, such tolling is unavailable:  Gil has not established that he made a reasonably diligent attempt "to contact [someone] outside the

prison who might assist in making [him] aware, in [his] language, of legal requirements for filing

a habeas corpus petition," which means that the Court cannot toll AEDPA's limitation period

based on Gil's language deficiency. *Diaz*, 515 F.3d at 154. Accordingly, Gil's motion is both

meritless and untimely.

**IV.      Conclusion**

For the reasons stated above, Gil's § 2255 motion is DENIED. A certificate of

appealability will not issue because Gil has not made a substantial showing of the denial of a

constitutional right. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). The Court certifies

pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good

faith.


        SO ORDERED.

Dated: New York, New York
        August 3, 2015


                            _____
                                    /s/
                                Kimba M. Wood
                            United States District Judge